Kinkead, J.
The defendant submits a motion to set aside and vacate an order of dismissal made in this case on June 20, 1910, at the last term of the court.
The grounds of the motion are that the motion asking for the relief :and upom which the order was made sought only to have *270 the action dismissed, first, for failure on the part of the plaintiff to answer certain interrogatories attached to the answer, and second, for failure to reply to -the answer of the defendant.
The motion was sustained, the judge entering the order stating:
"I see no reason why the motion should not be sustained. Same is accordingly sustained, and judgment of dismissal entered. Exceptions.”
The following entry was prepared by prevailing counsel, which was not shown to counsel for the defendant, .but which was. entered upon approval of the court:
“And now this cause came on to be heard upon the motion of the defendant to dismiss the action of plaintiff for failure to answer interrogatories attached to the answer and for failure on the part of the plaintiff to reply to the second defense of the answer, and the same was argued by counsel and submitted to the court and the court doth sustain both of said motions.
“And this cause came on further to be heard upon the petition, answer and evidence, and it appearing to the court that the plaintiff is in default for want of reply to the second defense of the answer, the same is confessed by the plaintiff to be true, and the court doth accordingly, find the issues in this ease in favor of the defendant. The action herein is dismissed at the costs of the plaintiff.”
The action of plaintiff was by a bank of Vandalia, Ill., upon a note for $500 in the ordinary short form of pleading.
The answer of defendant avers that the note was given in consideration for a Berkshire boar; that Gr. Gr. Council agreed to sell defendant a certain Berkshire boar which was actually selected and which Council agreed to deliver, but that Council 'fraudulently substituted another entirely worthless and different boar which he shipped.
Defendant avers that upon discovering the alleged fraud he notified both Council and the plaintiff; that the plaintiff knew the facts, and is not a bona fide holder.
. Twenty interrogatories were attached to the answers, all of which appropriately bore upon the bona fides of plaintiff.
*271 Plaintiff was in default for pleading or answer to the interrogatories from April 9, 1910, until the entry of the order of dismissal.
The power of this court to vacate its own judgment after the term at which it was made is prescribed by General Code, 11631 (R. S., 5354).
The ground upon which claim may now be made for a vacation is probably under paragraph 3, for “irregularity in obtaining a judgment or order.”
There seems to be no doubt but that there was an irregularity in taking the judgment, particularly that part which recites that the “cause came on further to be heard upon the petition, answer and evidence,” “and the court doth accordingly find the issues in this case in favor of the defendant.”
The court made no such finding, and the judgment part of this entry does not correctly recite the action of the court.
The power of the court sought to be invoked by the motion filed by defendant is to be found in the provisions of General Code, 11350 (R. S., 5101) :
“Answers to interrogatories may be enforced by an order of dismissal, judgment by default or by attachment, as the justice of the ease requires."
Counsel for defendant in filing his motion for a dismissal of the action probably proceeded upon the theory that the only way that the court could enforce answers to interrogatories attached to defendant’s answers would be by a judgment of dismissal of plaintiff’s action.
A proper construction and interpretation of the power conferred upon the court by this provision involves a consideration of power of a court generally to render a judgment by default, as well as the primary purpose of the section itself.
The statutes, General Code, 11381-11389 (R. S., 5132-5136), cover fully the time or order in which cases shall be tried. General Code, 11383, makes special provision for a class of cases in which judgment can be entered upon default without taking testimony, viz.: actions upon accounts or written instruments.
*272 The only other provision for judgment by default is 'made by General Code, 11592 and 11593 (R. S., 5320). That is, by General Code, 11592, judgment may be taken, as upon default, for so much of the demand as is not in issue.
'In cases where a plaintiff is in default for reply to an answer, there can be no judgment of dismissal invoked by the defendant by reason thereof.
It may be that the only way judgment by default can be had against a plaintiff who has not answered interrogatories at-' tached to an answer, is by dismissing his case. But the primary purpose of General Code, 11350 (R. S., 5101) is to enforce an answer to interrogatories by means of a penalty. And the better mode of practice would seem toa be to make a conditional order of dismissal, although this may not be incumbent upon the court.
But the entry of judgment transcends the boundaries of a judgment of dismissal by way of enforcing the penalty for not answering the interrogatories, and is a judgment on the merits.
And I am not sure that the better practice is not to enforce this penalty until the case is regularly reached for trial. There is no reason why this kind of default should not be treated as ordinary defaults for pleading, now taken care of by order of this court to require the assignment commissioner to report-them for dismissal for want of prosecution.
I am of the opinion, too, that the rule of this court requiring entries to be submitted to opposite counsel should have been complied with. It is to be distinguished from Interstate Life Assur. Co. v. Raper, 78 Ohio St., 113, where no appearance of any counsel had been entered, and no answer or other pleading had been filed, and judgment had been regularly entered by default.
Here the entry of judgment of dismissal as well as upon the merits was invoked by a defendant who had filed an. answer, and the plaintiff himself was in default for reply.
The motion to vacate the judgment is sustained and the same is hereby vacated.